# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEYBANK NATIONAL ASSOCIATION,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. CIV-20-356-G <br> ) |
| **MARKWELL PAVING COMPANY,** | ) <br> ) <br> ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff KeyBank National Association's Motion for Default Judgment (Doc. No. 13), in which Plaintiff seeks entry of a default judgment against Defendant Markwell Paving Company. For the reasons stated below, the Court finds that a default judgment should be entered.

### I. Background

Plaintiff initiated this diversity action on April 16, 2020, seeking damages from Defendant for breach of contract. *See* Compl. (Doc. No. 1). Defendant was served with the summons and Complaint on June 9, 2020. *See* Doc. No. 10. On November 10, 2020, after Plaintiff showed that Defendant had failed to answer or otherwise defend itself in this lawsuit, the Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 12).

Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $257,034.78. *See* Pl.'s Mot. Default J. at 2; Compl. ¶¶ 13, 18.

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party

2

in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

Plaintiff's assertions are straightforward. The Complaint alleges that on or about December 14, 2011, Defendant entered into a Master Loan and Security Agreement (the "Agreement") with Wells Fargo Equipment Finance, Inc. ("Wells Fargo"). *See* Compl. ¶ 5; *id.* Ex. 1, Agt. (Doc. No. 1-1). Pursuant to the Agreement, Defendant promised to pay Wells Fargo the sum of $986,382.72 via monthly installments. Compl. ¶ 5; Agt. at 9.

The Agreement provided that Defendant would be in default if Defendant "fail[ed] to make any required payment within ten (10) days of when due." Agt. at 4. Upon Defendant's default, Wells Fargo was permitted to exercise one or more express remedies, including:

> [Wells Fargo] may declare all unmatured obligations, including but not limited to, all unpaid amounts due and to become due under this Agreement and under each and every other Loan Schedule to this [Agreement] to be immediately due and payable and thereupon all such amounts including, without limitation, the full principal balance of each Loan and any additional amount due upon the prepayment of any Loan prior to its scheduled maturity date, whether denominated as a prepayment premium or otherwise, together with accrued but unpaid interest through and including the date of payment in full, shall be and become immediately due and payable (collectively, the "Accelerated Balance"). Interest on the Accelerated Balance shall be calculated from the date of such Event of Default, both before and after judgment, at a rate equal to the lesser of 12% per annum or the highest rate permitted by law.

*Id.* at 5-6.

In June 2017, Wells Fargo assigned its rights under the Agreement to "Key Equipment Finance, a division of KeyBank National Association." Agt. at 8; Compl. Ex.

3

2 (Doc. No. 1-2). Plaintiff is the successor by merger to Key Equipment Finance. Compl. at 2 n.1.

Defendant subsequently failed to make the minimum monthly payment. Compl. ¶ 9. On or about January 25, 2019, a Notice of Default was sent to Defendant, demanding payment of the past-due monthly payments within seven (7) days. *Id.* ¶ 10; *id.* Ex. 3 (Doc. No. 1-3). On or about October 3, 2019, Plaintiff, through its counsel, sent a letter to Defendant demanding payment of $257,034.78 as the amount due and owing as of that date. Compl. ¶ 11; *id.* Ex. 4 (Doc. No. 1-4).

Despite Plaintiff's demand, Defendant "has failed to cure its default and pay the deficiency owed." Compl. ¶ 12. Plaintiff alleges that it has performed all of its obligations under the Agreement and that it has suffered damages in the amount of $257,034.78 as a result of Defendant's breach of the Agreement. *Id.* ¶¶ 15-18.

Accepting the well-pleaded allegations in the Complaint as true, the Court finds that they establish Defendant's liability for breach of contract under either Oklahoma or Minnesota law. *See Tabb*, 2018 WL 3213622, at *2; *see also* Agt. at 6 ("Except to the extent otherwise required by law, this Agreement shall be governed by the internal laws of the State of Minnesota."); *Valley View Agri, LLC v. Producers Coop. Oil Mill*, No. CIV-15-1297-D, 2017 WL 1208670, at *2 (W.D. Okla. Mar. 31, 2017) (setting out elements for breach of contract under Oklahoma law); *Toomey v. Dahl*, 63 F. Supp. 3d 982, 997-98 (D. Minn. 2014) (setting out elements for breach of contract under Minnesota law). Because Defendant has failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

### C. Damages

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1); *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (noting that a default judgment may be entered without a hearing when the amount claimed "is a liquidated sum" or "one capable of mathematical calculation"). In all other cases, the moving party must apply to the Court, which may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

Plaintiff properly relies upon Rule 55(b)(1) as the basis for entry of a default judgment by the Clerk of Court, as its request for the sum certain of $257,034.78 is supported by the Complaint and by the parties' contract. *See supra*; Pl.'s Mot. Default J. at 1-3.[1] Upon review of Plaintiff's submissions, the Court finds that Plaintiff is entitled to damages in the amount of $257,034.78.

---

[1] Plaintiff's request for postjudgment interest is governed by federal statute. *See Hosier v. Citigroup Global Mkts., Inc.*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012) ("Under [28 U.S.C.] § 1961, post-judgment interest is mandatory and cannot be withheld by a district court or set by the court at a rate different from the rate specified by the statute."). Although the Complaint additionally seeks attorney's fees and "accruing interest," no request for these items is made in Plaintiff's Motion for Default Judgment.

CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 13) is GRANTED as set forth herein.  A separate Default Judgment shall be entered.

IT IS SO ORDERED this 18th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge